IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

```
GUILLERMO MORALES, ET AL.    *
                             *
       Plaintiffs            *
                             *
       v.                    *
                             *   CASE NO. 98-2348 (PG)
UNITED STATES POSTAL SERVICE,*
ET AL.                       *
                             *
       Defendants            *
                             *
*******************************
```

**OPINION AND ORDER**

Before the Court is defendants' Motion to Dismiss and Memorandum of Law in support thereof, pursuant to Fed. R. Civ. P. 12(b)(6), **Dkt. No. 6.**

Plaintiffs based their original claim on events that started on December 4, 1995. On said date, Guillermo Morales was given official instructions to unload a General Purpose Mail Container from a truck. Those instructions led to the filing of a complaint with the United States Postal Service Equal Employment Opportunity Counselor in the Caribbean District, where plaintiff alleged discrimination based on his sex, physical and mental disability and in retaliation for prior Equal Employment Opportunity activity.

The United States Postal Service rendered a final decision regarding that case on June 7, 1996, dismissing the case pursuant to 29 C.F.R. §1614.107(b). On April 21, 1997, the Equal Employment Opportunity Counselor affirmed, See Appeal No. 01965215, and on

Morales, et al. v. U.S.P.S., et al.
Civil No. 98-2348 (PG)
Page 2

July 18, 1997, the Equal Employment Opportunity Counselor issued a "Denial of Request for Consideration". See Appeal No. 05970770. Accordingly, the Commission's decision became final with no further right of administrative appeal.

Not satisfied with the Equal Employment Opportunity Counselor's ruling, on October 20, 1997, plaintiffs timely filed Civil Action No. 97-2541 (HL) before this Court. On September 14, 1997, the court entered Judgment dismissing plaintiff's complaint without prejudice against Marvin T. Runyon, then Post Master General, and the United States Postal Service.

On March 15, 1999, plaintiffs filed an Amended Complaint under the captioned case number, seeking compensatory damages as well as injunctive relief against the United States Postal Service for the alleged violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e et seq., the Age Discrimination in Employment Act, 29 U.S.C. §621 et seq., and the Fifth and Fourteenth Amendments to the Constitution of the United States.

In summary, the same nucleus of facts that prompted his EEO claim and civil action number 97-2541 (HL) operate here. Plaintiffs seek, through this action, to remedy their previous filings by "amending" their complaint.

Defendants moved this Court for the dismissal of plaintiffs' amended complaint on statute of limitations grounds.

Morales, et al. v. U.S.P.S., et al.
Civil No. 98-2348 (PG)
Page 3

Eighty-four (84) days after defendants filed their motion, Plaintiffs requested a thirty (30) day extension of time to oppose it. The Court finds that such a delay is unwarranted and hereby denies their request.

As appears from the record, when plaintiffs were denied their request for reconsideration on their EEO appeal, they were given specific instructions on their right to file a civil action. Pursuant to said instructions, plaintiffs had ninety (90) days in which to file a civil action in the United States District Court.

The EEOC's decision in this case was sent on July 18, 1997. This case was filed on March 16, 1999, twenty months after the EEOC's final decision. Clearly, plaintiffs' civil action is time-barred.

Moreover, plaintiffs' current action was filed six (6) months after his initial action, Civil No. 97-2541 (HL), was dismissed. Even assuming, *arguendo,* that following the dismissal of his initial action, plaintiffs had another ninety (90) days to file another action, it still would be time-barred.

Furthermore, plaintiffs' current civil action was filed under the guise of an "Amended Complaint." In the six (6) months between the dismissal of the initial civil action and the current civil action, plaintiffs never sought leave from the court or consent from the Postal Service. Fed.R.Civ.P. 15. The Court believes this

is merely a veiled attempt by plaintiffs to circumvent an otherwise clearly time-barred action.

**WHEREFORE,** defendants' motion to dismiss is **GRANTED.** Consequently, plaintiffs' Amended Complaint is hereby **DISMISSED.**

Judgment shall be entered accordingly.

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 28th day of September 1999.

                                          JUAN M. PEREZ GIMENEZ
                                          U.S. District Judge

s/c: AUSA